Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VIII**

| | | |
|---|---|---|
| Rolando Vázquez y/o Héctor L. Torres<br><br>Recurridos<br><br>vs.<br><br>Consejo de Titulares y Junta de Directores del Condominio Los Corales<br>Raymond Torres Negrón, Agente Administrador<br><br>Recurrentes | KLRA202400175 | **REVISIÓN ADMINISTRATIVA** procedente del Departamento de Asuntos del Consumidor<br><br>Querella Núm.: C-SAN-2022-0012231<br><br>Sobre: Ley de Condominios |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y el Juez Cruz Hiraldo.

Rivera Colón, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 22 de abril de 2024.

Comparece ante nos, el Consejo de Titulares y la Junta de Directores del Condominio Los Corales (Consejo de Titulares, Junta de Directores o, en conjunto, parte recurrente), quienes presentan recurso de revisión administrativa en el que solicitan la revocación de la "Resolución" emitida el 31 de enero de 2024,[1] por el Departamento de Asuntos del Consumidor (DACo). Mediante dicha determinación, el DACo ordenó la celebración de una asamblea extraordinaria para considerar tres cotizaciones para la selección del agente administrador.

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración, revocamos el dictamen mediante los fundamentos que expondremos a continuación.

---

[1] Notificada en igual fecha.

Número Identificador

SEN2024 _____

**I.**

El 15 de agosto de 2022, el señor Rolando Vázquez y/o el señor Héctor L. Torres (Sr. Vázquez *et al.* o parte recurrida) presentaron la querella C-SAN-2022-0012231 contra la parte recurrente ante el DACo. En esencia, solicitaron se declarase nula la asamblea ordinaria celebrada el día 14 de julio de 2022. Entre otras razones, alegaron que la Junta de Directores incumplió con el Art. 58 de la Ley de Condominios, *infra*, toda vez que el administrador era titular y, para su selección, no se evaluaron las tres cotizaciones que exige la ley.

Así las cosas, el 18 de octubre de 2023, el DACo celebró una vista administrativa en la cual las partes estuvieron de acuerdo en que la mayoría de los asuntos presentados en la querella se tornaron académicos. Lo anterior, en vista de lo resuelto por el DACo en la querella C-SAN-2022-0012229, donde se anuló la asamblea ordinaria celebrada el 14 de julio de 2022, y se ordenó convocar una nueva asamblea. No obstante, la parte recurrida no estuvo de acuerdo con que se ordene presentar las cotizaciones para la contratación del agente administrador, según lo dispone el Art. 58 de la Ley de Condominios, *infra*. Argumentó que, este asunto no se ha tornado académico porque, en la asamblea celebrada posteriormente, se ratificó el contrato del agente administrador, sin presentar cotizaciones adicionales, según lo ordenó la agencia.

El 31 de enero de 2024, el DACo emitió una ¨Resolución¨ en la cual formuló las siguientes determinaciones de hecho, las cuales hacemos formar parte íntegra del presente dictamen:

1. *La parte querellante Rolando Vázquez y Héctor Torres es titular del apartamento 306 del Condominio Los Corales, localizado en Carolina, Puerto Rico. Adquirieron dicha propiedad mediante la escritura número 24 otorgada el 23 de julio de 2018 ante el notario Héctor Alejandro Lugo Quiñones.*

2. *El condominio Los Corales se encuentra sometido al régimen de propiedad horizontal.*

3. *El 14 de julio de 2022, se celebró en el condominio Los Corales una asamblea ordinaria del Consejo de Titulares. Entre los asuntos a ser tratados en la referida asamblea según la agenda, se encontraba la ratificación del administrador.*

4. *El pasado 15 de agosto de 2022 la parte querellante presentó la querella de epígrafe impugnando dicha asamblea y solicitando que se declare nula la asamblea celebrada y todas sus determinaciones. Entre los motivos para solicitar dicha nulidad según la querella, se encuentra que no se incluyeron propuestas y/o cotizaciones para la selección del agente administrador, según lo establece la Ley de Condominios. Esto se basa en que el administrador Raymond Torres en a su vez titular en el Condominio Los Corales.*

5. *Por otro lado, el pasado 24 de marzo de 2023, este Departamento emitió una Resolución en la querella C-SAN-2022-0012229- Angela Rene Rowell v. Junta de Directores del Condominio Los Corales. En dicha Resolución se declaró Ha Lugar la querella donde se impugnaba la asamblea de 14 de julio de 2022, y se ordenó a la parte querellada que en un término de 20 días convocara nuevamente al Consejo de Titulares para que tuvieran en consideración los mismos asuntos por los que votaron en la asamblea de 14 de julio de 2022. Igualmente se aclaró que No deberán presentarse como una mera ratificación de los acuerdos tomados, sino que deberán llevarse a votación nuevamente.*

6. *Mediante convocatoria con fecha de 14 de junio de 2023, el presidente de la Junta de Directores del Condominio Los Corales convocó una asamblea ordinaria del Consejo de Titulares de dicho condominio para el 29 de junio de 2023. Entre los asuntos contenidos en la agenda de la convocatoria se encontraba como último punto la Ratificación del Administrador. No se acompañaron propuestas o cotizaciones de otros administradores. Conforme el Acta de dicha asamblea, el Administrador fue ratificado a pesar de la objeción de los titulares quienes indicaron que se tenían que presentar 3 propuestas para seleccionar al administrador. Este administrador fue ratificado con 23 votos a favor y 5 en contra.*

Tras un análisis del derecho y los hechos antes reseñados, el DACo concluyó que los servicios de un agente administrador constituyen un contrato de servicios profesionales. De igual manera, se determinó que los requisitos establecidos en el Art. 58 de la Ley de Condominios, *infra*, le son de aplicación a la selección de un agente administrador, cuando concurren los requisitos

establecidos en dicho artículo. Determinó que el agente administrador, por ser titular del condominio, se requiere la presentación de propuestas adicionales. En consecuencia, el DACo ordenó la convocación y celebración de una asamblea extraordinaria del Consejo de Titulares para presentar, por lo menos, dos propuestas adicionales para seleccionar el agente administrador del Condominio Los Corales.

Inconforme con dicha determinación, el 20 de febrero de 2024, la parte recurrente presentó una ¨Moción de Reconsideración¨ y, en síntesis, solicitaron se dejara sin efecto la resolución final dictada, y se emitiera una enmendada para desestimar la querella. Fundamentó su petición en que el agente administrador en el régimen de propiedad horizontal se considera un mandatario. El DACo no acogió la ¨Moción de Reconsideración¨, por lo que se consideró rechazada de plano.

Aun insatisfecho, la parte recurrente acude ante este foro apelativo intermedio, y señala la comisión del siguiente error, a saber:

> *Primer Error: Erró el Departamento de Asuntos del Consumidor al ordenar una asamblea extraordinaria para considerar tres cotizaciones para la selección del agente administrador.*

## II.

La Ley Núm. 129-2020, 31 LPRA sec. 1921 *et seq.*, mejor conocida como la Ley de Condominios de Puerto Rico, según enmendada, se aprobó con el propósito principal de viabilizar la propiedad que forma parte de un inmueble sometido al Régimen de Propiedad Horizontal. Véase, Art. 2 de la Ley de Condominios, 31 LPRA sec. 1921a. Dicho estatuto define el concepto de Consejo de Titulares como el "[ó]rgano rector y deliberativo del condominio, con personalidad jurídica y constituido por todos los titulares". Véase, Art. 3 de la Ley de Condominios, 31 LPRA sec. 1921b. Sus

resoluciones y acuerdos serán de ineludible cumplimiento por todas las personas que se relacionen con el condominio, siempre y cuando hayan sido adoptados en asambleas debidamente convocadas y constituidas. Véase, Art. 48 de la Ley de Condominios, 31 LPRA sec. 1922t.

El Consejo de Titulares posee, por virtud de ley, ciertos poderes y deberes, entre estos, el de escoger a un Agente Administrador, quien será aquella persona designada para administrar la operación diaria del condominio. Véase, Art. 3 de la Ley de Condominios, *supra*; Art. 49 de la Ley de Condominios, 31 LPRA sec. 1922u. El Agente Administrador "podrá ser una persona natural o jurídica, quien podrá o no pertenecer a la comunidad de titulares, y en quien el Consejo de Titulares, el Director o la Junta de Directores podrá delegar las facultades y deberes que les permita delegar el reglamento". Véase, Art. 49 de la Ley de Condominios, *supra.*

Nuestro Tribunal Supremo ya ha tenido la oportunidad de expresarse sobre la figura del Agente Administrador en el pasado. Específicamente, en el caso de *Colón Ortiz v. Asoc. Cond. B.T. I*, 185 DPR 946 (2012), nuestro Alto Foro se enfrentó a la siguiente controversia: ¿Es el Agente Administrador de un inmueble bajo el régimen de propiedad horizontal un mandatario del Consejo de Titulares? Tras un análisis del derecho aplicable, contestó dicha interrogante en la afirmativa. Concluyó que, "cuando se trate de un 'agente administrador' en el régimen de propiedad horizontal, éste será considerado un mandatario sujeto a las disposiciones pertinentes del Código Civil, según atemperadas por la Ley de Condominios".

Para llegar a esta conclusión, consideró factores tales como, por ejemplo: (1) que el Agente Administrador será elegido por el voto

afirmativo de la mayoría del Consejo de Titulares;[2] (2) su obligación de rendir cuentas al terminar sus funciones;[3] (3) los elementos de encargo y de representación, ya que al Agente Administrador se le delegan facultades o responsabilidades que corresponden, en primera instancia, al Consejo de Titulares o a la Junta de Directores;[4] y (4) el hecho de que la ley dispone que el Consejo de Titulares podrá remover al Agente Administrador de su puesto de manera unilateral y sin necesidad de justificación,[5] mientras que la Junta de Directores podrá relevarlo de sus funciones por justa causa.[6]

Asimismo, nuestra Alta Curia particularizó que:

*[E]l estatuto [refiriéndose a la Ley de Condominios vigente en ese entonces] identifica al Agente Administrador como uno de los órganos internos de dirección del condominio y lo relaciona con el Presidente y, particularmente, con el Secretario de la Junta.* ***A esta misma visión integral de dirección responde el que los deberes del Agente Administrador se definan como el ejercicio de aquellas facultades del Consejo de Titulares y la Junta de Directores que le sean delegadas****, **es decir, tareas que le correspondería realizar a uno de estos cuerpos***. *Colón Ortiz v. Asoc. Cond. B.T. I, supra,* a las págs. 960-961.

(Énfasis suplido).

Con esto en mente, debemos analizar el Art. 58 de la Ley de Condominios, 31 LPRA sec. 1923c, el cual, en términos literales, lee como sigue:

*La Junta de Directores no podrá aprobar contratos para obras, servicios, suministro de materiales y cualquier otro, que conlleven el desembolso de fondos comunes recaudados a través de cuotas de mantenimiento y derrama, que excedan el período del presupuesto operacional bajo su manejo y administración mientras se desempeñan como directores, salvo que contengan una*

---

[2] Véase, Art. 49 de la Ley de Condominios, *supra.*
[3] *Íd.* Al respecto, se dispone que "el Agente Administrador saliente deberá entregar mediante un acuse de recibo, todos los registros, documentos, llaves y propiedades pertenecientes al Consejo de Titulares al momento de ser requeridos por la Junta de Directores y se prohíbe la retención de estos".
[4] *Colón Ortiz v. Asoc. Cond. B.T. I, supra,* a la pág. 974.
[5] *Íd.*
[6] Véase, Art. 53 de la Ley de Condominios, 31 LPRA sec. 1922y. Según este artículo, se entenderá por justa causa: (1) el desempeño negligente o culposo de sus funciones; (2) la deshonestidad o la violación de las normas de buena conducta establecidas en el reglamento del condominio; o (3) el incumplimiento de sus deberes establecidos contractualmente.

*resolución de revocación unilateral y sin expresión de causa, a favor de la Junta y/o el Consejo de Titulares, o que el Consejo de Titulares apruebe dicho contrato en una asamblea con el voto de la mayoría, exceptuando de esta disposición los elementos mecánicos esenciales al funcionamiento de los condominios, tales como elevadores, generadores de energía, bombas de agua, sistemas de supresión de fuegos y alarmas contra incendios. De igual forma, se darán por nulas o no puestas, las cláusulas de renovación automática incluidas en todo contrato suscrito donde el Consejo de Titulares sea parte, salvo que el Contrato con la cláusula de renovación automática sea aprobado por el Consejo de Titulares en asamblea.*

*La Junta de Directores tendrá que tomar las salvaguardas necesarias para asegurarse que las compañías o personas que contratan cumplan con todos los requisitos de ley aplicables como leyes laborales, tanto estatales como federales incluyendo, pero sin limitarse al cumplimiento del pago del salario mínimo, pago del Seguro Social Federal, cubiertas de seguros patronales y otros requisitos análogos.*

***Sólo se podrán contratar servicios profesionales ofrecidos por personas que sean titulares del condominio,*** *miembros de la Junta de Directores, o personas relacionadas hasta el segundo grado por consanguinidad con los miembros de la Junta, con titulares del condominio, o con el Agente Administrador,* ***si durante el periodo de evaluación previo a la contratación se solicitaron y evaluaron al menos tres (3) cotizaciones para el mismo servicio. Dos (2) de dichas cotizaciones deben ser solicitadas a compañías o individuos que cumplan con las condiciones previamente establecidas. Cuando se evidencie que por la naturaleza del servicio o por la inexistencia de otros potenciales licitadores no se consiguieron las tres (3) cotizaciones necesarias, el Secretario deberá hacer constar por escrito mediante acta de la Junta de Directores las gestiones realizadas a esos efectos, así como la expresión de que no se encontraron más licitadores para dicho servicio y la evidencia debe estar disponible para la revisión de cualquier titular que así lo solicite.*** *No se podrá contratar servicios profesionales de asesoría legal a ninguna persona que sea titular del condominio, miembros de la Junta de Directores, o personas relacionadas hasta el segundo grado por consanguinidad con los miembros de la Junta, o con titulares del condominio.*

(Énfasis nuestro).

Como puede observarse, el precitado artículo limita la facultad de la Junta de Directores para aprobar contratos para obras y servicios cuando: (1) los servicios a ser contratados son profesionales, y (2) dichos servicios serán ofrecidos por titulares del

condominio. De concurrir estas circunstancias, solo se podrán contratar servicios profesionales si, previo a la contratación, se solicitaron y evaluaron al menos 3 cotizaciones para el mismo servicio. A modo de excepción, se podrán contratar servicios profesionales ofrecidos por personas que sean titulares del condominio cuando se evidencie que, por la naturaleza del servicio o por la inexistencia de otros potenciales licitadores, no se consiguieron las 3 cotizaciones necesarias.

Ahora bien, el Art. 58 de la Ley de Condominios, *supra*, es de aplicación cuando la Junta de Directores interesa contratar con algún proveedor de servicios. **Nada de lo aquí dispuesto hace referencia al contrato de mandato o al Agente Administrador**, **quien por virtud del propio Art. 49 de la Ley de Condominios**, *supra*, **será elegido por el voto afirmativo de la mayoría de los miembros que componen el Consejo de Titulares**.

### III.

Según discutimos, en el presente caso, el DACo emitió una ¨Resolución¨ por la cual ordenó convocar una asamblea extraordinaria del Consejo de Titulares, para considerar dos propuestas adicionales para seleccionar al agente administrador del Condominio Los Corales. Razonó que: (1) los servicios de un agente administrador no dejan de ser un contrato de servicios profesionales, y (2) cuando el agente administrador es titular, los requisitos establecidos en el Art. 58 de la Ley de Condominios, *supra*, le son de aplicación en la selección del agente administrador.

En desacuerdo, la parte recurrente cuestiona dicha determinación argumentando que la selección del agente administrador corresponde al Consejo de Titulares por medio del voto afirmativo de la mayoría de sus miembros, según lo establece el Art. 49 de la Ley de Condominios, *supra*. Lo anterior, debido a

que ¨el contrato del agente administrador es uno de mandato¨.[7] Tiene razón.

Por lo que, nos corresponde determinar si los servicios que presta el agente administrador constituyen un contrato de servicios profesionales o si, por el contrario, son propios de un mandatario.

Vale destacar que el Art. 58 de la Ley de Condominios, *supra*, no hace mención alguna sobre la figura del agente administrador, sino que, se limita a establecer el proceso para la contratación de servicios profesionales. Por otro lado, el Art. 49 de la Ley de Condominios, *supra*, menciona expresamente, como uno de los poderes y deberes del Consejo de Titulares, lo siguiente:

> *2) **Escoger al Agente Administrador**, quien podrá ser una persona natural o jurídica, quien podrá o no pertenecer a la comunidad de titulares, y en quien el Consejo de Titulares, el Director o la Junta de Directores podrá delegar las facultades y deberes que les permita delegar el reglamento.*

(Énfasis provisto).

Tanto es así, que ya nuestro Tribunal Supremo resolvió esta controversia en el caso *Colón Ortiz v. Asoc. Cond. B.T. I, supra*. Allí, nuestro Alto Foro fue claro en su análisis de la figura del agente administrador al concluir que **el agente administrador constituye un mandatario del Consejo de Titulares.**

Concurrimos con que el Art. 58 de la Ley de Condominios, *supra*, no es de aplicación en el proceso de selección del agente administrador. No cabe duda de que, el artículo que rige el proceso de selección del agente administrador es el Art. 49 de la Ley de Condominios, *supra*. Por todo lo anterior, procede que la selección del agente administrador se realice mediante voto afirmativo de los miembros del Consejo de Titulares. Surge de la propia ¨Resolución¨ que el agente administrador fue ratificado con 23 votos a favor y 5

---

[7] Véase, Recurso a la pág. 3.

en contra.[8]   Ciertamente, dicha ratificación constituye un voto afirmativo de la mayoría de los miembros del Consejo de Titulares.

Evaluada la totalidad de prueba presentada, concluimos que la determinación del DACo fue incorrecta.  El agente administrador es un mandatario del Consejo de Titulares y, como tal, fue elegido conforme a derecho.

**IV.**

Por los fundamentos antes expuestos, los que hacemos formar parte de este dictamen, se revoca la "Resolución" recurrida, emitida por el Departamento de Asuntos del Consumidor.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[8] Véase, Determinación de Hechos #6 en la página 3 de la Resolución.